UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES CASTILLO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:24-cv-00812-SCR<br><br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f. Plaintiff argues that the ALJ's Residual Functional Capacity ("RFC") assessment is not supported by substantial evidence because the ALJ failed to account for all the limitations assessed by Dr. Hickman, a psychological consultative examiner. ECF No. 11 at 9. For the reasons that follow, the Court will DENY Plaintiff's motion for summary judgment (ECF No. 11) and GRANT the Commissioner's cross-motion for summary judgment (ECF No. 16).

////

////

////

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for SSI in September 2019, alleging disability beginning in June 2008.[1] Administrative Record ("AR") 158.[2] The applications were disapproved initially, and on reconsideration. AR 195-200. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and appeared before an ALJ on four occasions. At the first hearing in June 2021, Plaintiff's counsel was ill and requested a continuance. AR 73-75. At the second hearing in September 2021, Plaintiff was without counsel and the ALJ agreed to postpone the hearing so Plaintiff could seek counsel. AR 77-95. The ALJ also explained to Plaintiff that he needed to attend consultative exams that were scheduled. AR 87-88. In May 2022, a hearing was held by ALJ Robert Spaulding. AR 96-134 (transcript). Plaintiff participated in the hearing, and was represented by counsel. A vocational expert ("VE"), Michael Swanson also testified. AR 126-132. Additionally, the ALJ held a supplemental hearing at Plaintiff's request, at which additional questions were asked of the VE. AR 135-156.

On June 8, 2023, the ALJ issued an unfavorable decision, finding Plaintiff was not under a disability, as defined in the Act, since September 30, 2019. AR 20-31 (decision). On January 19, 2024, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. AR 4-6.

Plaintiff filed this on March 15, 2024. ECF No. 1. The parties filed cross-motions for summary judgment (ECF Nos. 11 & 16) based upon the Administrative Record.

## II. FACTUAL BACKGROUND[3]

Plaintiff was born in October 1980, and was 38 years old at the time he applied for SSI in September of 2019. AR 158. Plaintiff testified he had taken a couple junior college courses, and could not remember if he obtained a GED, but did attend continuation school. AR 115. Plaintiff testified he had not worked since 2008, and when asked why stated: "I was on Social Security, so

---

[1] Plaintiff later amended the alleged onset date to September 30, 2019. AR 108.
[2] The AR is electronically filed at ECF No. 7. Page references to the AR are to the number in the lower right corner of the page. For briefs, page references are to the CM/ECF generated header in the upper right corner.
[3] The Court will not set forth the factual background/medical evidence in detail as there is only one contested issue: the ALJ's evaluation of the opinion of consultative examiner Dr. Hickman.

2

I didn't work." AR 115.  Plaintiff testified that in 2018 he was charged with resisting arrest, and was ultimately found competent and sentenced to 17 months.  AR 116.  Plaintiff reported pain after multiple ankle surgeries and stated he could not be on his feet for more than two hours.  AR 119.  He does not take prescription pain medication, but sometimes takes over the counter medication.  *Id*.  Plaintiff testified that he walks to the post office every other day and that it is over a mile away.  AR 114, 122.  He stated he currently uses a cane.  AR 119.  Plaintiff also testified about experiencing depression, and stated that he did not think he could work a call center job because he is "impatient" and doesn't like dealing with people.  AR 118-121.

Plaintiff's function report, completed in October 2019, stated his ability to work was adversely affected because he could not stand long periods without pain, or lift more than 25 pounds with his left elbow.  AR 463.  The function report stated he had no problem with personal care, was able to prepare meals, and was able to do cleaning, laundry, shopping, and keep appointments.  AR 465.  He indicated he was able to drive, take public transit, and manage his own money.  AR 466.  He further stated he could pay attention "very well" and could follow written and spoken instructions.  AR 468.  Plaintiff completed a second function report in May 2020, which was similar and again focused on physical limitations while stating his "attention span is good" and he can follow written and spoken instructions.  AR 508.

Plaintiff's counsel's opening statement focused on his mental impairments.  AR 108-111.  Plaintiff's counsel discussed Plaintiff's "disorganized thinking," memory problems, anxiety, and difficulty handling changes in routine.  AR 108-110.  Counsel also mentioned the right-ankle issue and left-elbow problem.  AR 110-11.

The VE testified that a person of Plaintiff's age and education, with Plaintiff's limitations, would be able to perform work in the national economy.  AR 129-130.  The VE identified three positions: Officer Helper, Outside Deliverer, and Photocopying Machine Operator, all of which are light exertional level and unskilled occupations.  AR 129-130.  The VE testified that his testimony was consistent with the Dictionary of Occupational Titles.  AR 130.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is

supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Substantial evidence "means—and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation and citation omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

SSI is available for eligible individuals who are "disabled." 42 U.S.C. § 1381a.  An individual is "disabled" if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

*Id*., §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since the application date of September 30, 2019 (AR 23).
>
> 2. [Step 2] The claimant has the following severe impairments: Sequelae of Left Elbow Fracture and ORIF; Right Ankle Fracture and ORIF; Obesity; Schizoaffective Disorder, Depressive Type, with Catatonia, Multiple Episodes, in Partial Remission; Depression; and Bipolar Disorder (AR 23).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 23).
>
> 4. [Preparation for Step 4] The claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant is able to stand and/or walk for a combined 4 hours during and 8-hour workday. He can occasionally reach overhead with the right upper extremity and can frequently reach in all other directions with the right upper extremity. The claimant can occasionally climb ramps and stairs but can never climb ladders, ropes or scaffolds and can never crawl. The claimant is limited to simple, work-related decisions. He is limited to goal- oriented work (e.g. housekeeper) but is unable to perform at a production rate pace. He is limited to occasional interaction with supervisors (but is able to follow directions); occasional interaction with coworkers (but should not engage in teamwork or coordinated work); and occasional interaction with the public. (AR 25).
>
> 5. [Step 4] The claimant has no past relevant work. (AR 30).
>
> 6. [Step 5] The claimant was born in 1980 and was 38 years old on the date the application was filed, which is defined as a "younger individual/" 20 CFR § 416.963 (AR 30).
>
> 7. [Step 5, continued] The claimant has a limited education (20 C.F.R. 416.964) (AR 30).

8. [Step 5, continued] Transferability of job skills is not at issue because the claimant does not have past relevant work (AR 30).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity there are jobs that exist in significant numbers in the national economy that the claimant can perform (AR 30).

10. The claimant has not been under a disability, as defined by the Act, from September 30, 2019, through the date of decision (AR 31).

## VI. ANALYSIS

Plaintiff raises only one issue before this Court. Plaintiff contends that the opinion of consultative examiner Dr. Hickman,[4] contained limitations that the ALJ did not fully incorporate into the RFC. ECF No. 11 at 9-10. The Commissioner argues that the ALJ is responsible for translating and incorporating the clinical findings into the RFC and that the ALJ properly evaluated Dr. Hickman's report and accounted for it in the RFC. ECF No. 16 at 2.

A. <u>Dr. Hickman's Consultative Exam</u>

Clinical psychologist David Hickman, Ph.D., evaluated Plaintiff on March 12, 2022, and prepared a report. AR 1022-1033. The report states that Plaintiff arrived early for his appointment, was dressed appropriately, and was polite and cooperative. AR 1022. Plaintiff reported his psychiatric conditions as bipolar disorder, depression, and catatonia. AR 1022. Dr. Hickman obtained a history of Plaintiff's depression starting at a young age, past medical treatment, and involuntary hospitalizations. AR 1023-24.

In regard to Plaintiff's social history, Dr. Hickman notes that Plaintiff resides at a "board and care facility" with other residents and that Plaintiff "described no difficulties getting along with other people in his life." AR 1024. However, he also reported not having close relationships. *Id.* Plaintiff described his highest education level as some junior college and reported that he obtained his GED. AR 1024. He stated that his typical grades were "A's and B's or sometimes just C average." AR 1025.

---

[4] Plaintiff objected to the admission of Dr. Hickman's report in the first place as "inconsistent" and "speculative". AR 102. Counsel stated the report showed "extreme inconsistency" and stated: "I would object to this report coming in." AR 104. Counsel now relies on Dr. Hickman's report in support of Plaintiff's only claim of error.

7

Dr. Hickman conducted a mental status exam and found that Plaintiff's "thought processes were logical, linear, and goal-directed." AR 1026. Dr. Hickman assessed Plaintiff's intellectual functioning as "Low Average range." *Id*. Plaintiff's memory appeared to be "moderately impaired." *Id*. His attention and concentration were "mildly impaired." AR 1027. Plaintiff's insight and judgment were assessed as fair. AR 1027. Dr. Hickman found, based on memory testing, that Plaintiff "is capable of remembering and carrying out simple tasks, and that his ability to remember and carry out complex tasks is markedly impaired due to his slow pace." AR 1030.

### B. ALJ's Consideration of Dr. Hickman's Exam

The ALJ discussed Dr. Hickman's findings at some length in his decision. AR 23-24, 28. The ALJ found the opinion to be "persuasive." AR 28. The ALJ found Hickman's opinion was supported by his own diagnostic testing. AR 28. The ALJ found it to be consistent with the overall medical record, including treatment records such as the September 2019 discharge note that "shows only mild impairment in interacting with others," "subsequent treatment records [that] show generally normal mental status exams," and Dr. David Johnson's treatment notes in January 2023. AR 28.

With respect to the ALJ's consideration of medical opinions, new regulations apply to claims filed on or after March 27, 2017, which changed the framework for evaluation of medical opinion evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b); *see also Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies. Now an ALJ's decision, including the decision to discredit

8

any medical opinion, must simply be supported by substantial evidence."). The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods*, 32 F.4th 792. Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. *Id.* In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Here, the ALJ did not reject Dr. Hickman's opinion, but rather found it persuasive. Plaintiff does not argue that the ALJ erred in finding Dr. Hickman's opinion persuasive, or inappropriately considered the supportability or consistency of the opinion. *See generally* ECF No. 11 at 10-15. Instead, Plaintiff argues that having found the opinion persuasive, the ALJ did not then properly include the limitations assessed by Dr. Hickman in the RFC. Plaintiff states that "despite assessing the opinion of Dr. Hickman as persuasive; the ALJ then crafted an RFC that did not account for Dr. Hickman's limitation to one and two step instructions." ECF No. 11 at 12. This is the only portion of Dr. Hickman's opinion that Plaintiff specifically argues the ALJ

9

failed to include in the RFC.

This argument misreads Dr. Hickman's opinion. Dr. Hickman stated that Plaintiff's "ability to understand, remember, and carry out simple one or two-step job instructions **is not impaired** because of his Schizophrenia Spectrum Disorder." AR 1030 (emphasis added). Thus Dr. Hickman found Plaintiff could perform simple tasks with one or two step instructions, not that he was limited only to such tasks. Dr. Hickman also stated that Plaintiff's "ability to understand, remember, and carry out detailed, but uncomplicated, job instructions is mildly impaired." AR 1031. An assessment of a limitation as a "mild" impairment is generally indicative of a slight limitation. In the medical source statement of Dr. Hickman, "mild" was defined as "a slight limitation in this area, but the individual can generally function well." AR 1032. Dr. Hickman indicated no limitation in understanding, remembering, and carrying out simple instructions in the medical source statement. AR 1032. Dr. Hickman explained his assessment by stating that Plaintiff's "psychotic disorder is fairly well managed at this point with medication" but that he may have periods of decompensation "in which his ability to remember, understand, and carry out instructions could become gravely impaired." AR 1032.

The ALJ found Plaintiff had the RFC to perform "simple, work-related decisions" and was limited to "goal-oriented work (e.g. housekeeper) but is unable to perform at a production rate pace." AR 25. Based on the vocational expert's testimony, the ALJ found Plaintiff could perform the requirements of light, unskilled occupations such as: 1) Officer Helper, DOT #239.567.010; 2) Outside Deliverer, DOT # 230.663-010; and 3) Photocopy Machine Operator, DOT # 207.685-014. AR 30-31. The occupation of Officer Helper is reasoning level 2 and language level 2; Outside Deliverer is reasoning level 2 and language level 1; and Photocopy Machine Operator is reasoning level 2 and language level 1. "Language Level 1 is the lowest language development contemplated by the DOT." *Obeso v. Colvin*, 2015 WL 10692651, *15 (E.D. Cal. April 20, 2015). Plaintiff obtained a GED and attended some junior college courses, and Plaintiff does not contend that Dr. Hickman's report supports a conclusion that he could not perform jobs at language level 1 and 2. The General Educational Development levels set forth in the DOT also include the reasoning ability required to perform the job, ranging from level 1

(requiring the least) to level 6 (requiring the most). *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). All three occupations identified by the VE that Plaintiff could perform are reasoning level 2, the second lowest level. Level 2 reasoning is the ability to "apply[ ] common sense to carry out detailed but uncomplicated instructions and deal[ ] with problems involving a few variables. *Id*. at 847. Level 2 reasoning is consistent with an RFC that limits a claimant to "simple, routine, or repetitive tasks." *Id*.

As argued by the Commissioner, the ALJ incorporated Hickman's assessed limitations into the RFC in several ways, including by restricting Plaintiff to: 1) simple work-related decisions; 2) goal oriented work, but not at production rate pace; 3) occasional interaction with supervisors (but can follow directions); 4) occasional interaction with coworkers (but should not engage in teamwork or coordinated work); and 5) occasional interaction with the pubic. ECF No. 16 at 3 citing AR 25. The ALJ "is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1006 (9th Cir. 2015) citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

Dr. Hickman found that Plaintiff could carry out simple one and two step instructions (AR 1030) and that Plaintiff's "ability to understand, remember, and carry out detailed, but uncomplicated, job instructions is mildly impaired." AR 1031. These findings by Dr. Hickman are not inconsistent with the RFC, nor are they inconsistent with finding that Plaintiff can perform occupations that are unskilled and have a level 2 reasoning level. The ALJ's decision is supported by substantial evidence.

## VII.  CONCLUSION

Plaintiff had the burden to prove disability before the ALJ. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) ("The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish entitlement to disability insurance benefits.") (cleaned up). Plaintiff sought to exclude from consideration by the ALJ the consultative examination of Dr. Hickman, arguing that it was "inconsistent" and "speculative." AR 102. Before this Court, Plaintiff changes course and argues that certain limitations assessed by Dr. Hickman that establish his inability to work. This

11

argument is unconvincing for the reasons stated herein, and Plaintiff has not demonstrated error, let alone harmful error. *See Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) ("The Court may not reverse an ALJ's decision on account of a harmless error."). The Court finds the ALJ's decision is supported by substantial evidence. *See Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (substantial evidence "means—and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation and citation omitted). Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 11) is DENIED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is GRANTED; and
3. The Clerk shall enter Judgment in favor of the Commissioner and close this case.

SO ORDERED.

DATED: September 17, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE